PADRESHEFSKY v. WALTON, Sheriff.

(Supreme Court, Appellate Division, Second Department.　November 15, 1901.)

1. EXECUTION—IMPRISONMENT OF DEBTOR—TERM—DISCHARGE.

An execution issued on a judgment recovered for services performed by a working woman, which commands the officer, if sufficient property cannot be found, to commit the debtor to the jail, and directs the keeper to hold defendant until he pay the judgment or be discharged according to law, is not void, under Code Civ. Proc. § 3221, providing that a defendant so arrested must be discharged after having been confined 15 days, since a discharge by reason of such statute is a discharge according to law.

2. SAME—EXPIRATION OF TERM—DUTY OF SHERIFF.

Where a defendant is imprisoned on an execution issued under Code Civ. Proc. § 3221, providing that a defendant so arrested must be discharged after having been so confined 15 days, it is the duty of the sheriff to discharge such prisoner at the expiration of 15 days without any order or proceedings on the prisoner's part.

Appeal from special term, Kings county.

Action by Jacob Padreshefsky against William Walton, as sheriff of Kings county. From an interlocutory judgment overruling defendant's demurrer to the complaint, he appeals. Affirmed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and SEWELL, JJ.

Charles H. Hyde, for appellant.

Lorlys Elton Rogers, for respondent.

GOODRICH, P. J. The demurrer admits these facts alleged in the complaint: Jennie Rosenthal on November 21, 1900, recovered a judgment against the plaintiff in the municipal court of the city of New York, borough of Brooklyn, for $25 (such action being brought under section 3221 of the Code of Civil Procedure, which relates to actions by working women), for services performed by her. An execution was issued to "any marshal of the city of New York," commanding him to collect the amount due on the judgment out of the personal property of this plaintiff, if sufficient property could be found, and, if not, "to commit him to the jail of the city of New York, the keeper whereof is hereby commanded to receive the said defendant [the plaintiff here], and him safely keep until he shall pay the said judgment, or be discharged according to law." The plaintiff was imprisoned in the county jail of the county of Kings by the defendant as sheriff of that county, for a period of 22 days, viz. from December 6th to December 28th. After 15 days had expired the plaintiff demanded his release, and "notified the said sheriff of the nature of the judgment on which the said execution was issued," but the sheriff refused to discharge the plaintiff until he was released on habeas corpus.

The plaintiff contends that the execution was absolutely void ab initio because the municipal court, being of limited jurisdiction, can only exercise powers conferred by statute; that its power is limited by section 3221, which provides that a defendant arrested by virtue of the section "must be discharged after having been so confined

fifteen days." The execution directs detention of the defendant therein named until he pays the judgment, or is discharged according to law. An execution of this character in a working woman's case is a creation of section 3221, which, being in derogation of the common law, and in its nature penal, must be strictly construed Strict construction requires obedience to its plain provision that a defendant arrested under its provisions is entitled to a discharge after 15 days' confinement. The discharge at the end of 15 days is a full compliance with the mandate of the execution, requiring detention only until the defendant is discharged according to law. No action of any court was necessary. There was no legal necessity for a resort to a writ of habeas corpus. The sheriff would have been justified, and was required to obey the provision of the section, and, after 15 days' confinement of the defendant, to discharge him, and that would have been a discharge according to law. I do not lose sight of the provision of the consolidation act (sections 1399 and 1401) providing that in a case in the district court (now the municipal court), where the defendant may be arrested, the execution may direct the officer, if sufficient property cannot be found to satisfy the judgment, to arrest the defendant and commit him to the jail of the county until he pay the judgment, or be discharged according to law, and that in such a case the defendant "must be conveyed to the common jail of the county and there kept in custody until the execution with costs be paid or be discharged by due course of law." I have already said that such a discharge is worked by the law, without the necessity of intervention by any court. The term of imprisonment is defined by the statute, and the plaintiff herein was entitled to his discharge from confinement after 15 days' incarceration. Analogy may be found in respect of section 111 of the Code of Civil Procedure, which provides that no person shall be imprisoned on execution against the person for a longer period than three or six months, according to the amount of the execution. This provision, like the one before us, is evidently self-executing. The defendant is entitled at the expiration of the time limited to his discharge. In People v. Grant, 1 N. Y. St. Rep. 537, Judge Porter said, in relation to section 111 (page 540):

"It is then made the active duty of the sheriff to discharge all such persons, without condition or exception, from his custody, after the expiration of such period, and without any formal application being made therefor."

It follows that the detention of the plaintiff after 15 days was without legal authority, and that the plaintiff was wrongfully imprisoned after that time. It becomes unnecessary to consider the other questions raised by counsel, since, for the reason stated, the demurrer was properly overruled.

The interlocutory judgment should be affirmed, with costs. All concur, except JENKS, J., not voting.